UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS LEGLU,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant. | Case No.  5:13-cv-01376 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. No. 40] |

Plaintiff Carlos Leglu sues Santa Clara County (County) under state and federal law for alleged retaliation during his former employment with the County's Mental Health Department. As required before bringing suit under Title VII, 42 U.S.C. § 2000e, et seq., Leglu filed an administrative charge with the Equal Employment Opportunity Commission (EEOC).  After conducting an investigation, the EEOC issued a Letter of Determination (LOD), finding reasonable cause to believe that the County violated Title VII by retaliating against plaintiff for engaging in protected activity.

In discovery, the County served Fed. R. Civ. P. 45 subpoenas for the depositions of the EEOC's Local Director, Dana Johnson, as well as its Senior Investigator Rosa Salazar, who investigated Leglu's charge.[1]  The County anticipates that, in opposition to its pending summary

---

[1] Although fact discovery closed on April 18, 2014, the parties advise that they have stipulated that depositions noticed before that date could proceed after the cutoff.  This court is told that the

judgment motion and at trial, plaintiff will probably seek to introduce into evidence the LOD to establish the County's liability. Such use of the LOD, says defendant, puts the validity of the EEOC's determination at issue. So, the County wants to depose Johnson and Salazar to obtain information about the EEOC's "ultimate findings," namely: (1) "which of Leglu's activities were found to be protected activities"; (2) "which acts by the County were found to be retaliatory"; and (3) "who performed those retaliatory acts and when." (See Dkt. 40 at 2, 9).

In Discovery Dispute Joint Report (DDJR) No. 1, the EEOC seeks an order quashing the subpoenas, arguing that (1) the EEOC's investigation is not a justiciable issue; (2) the only testimony Johnson and Salazar can provide is protected by the deliberative process privilege and the attorney-client privilege; and (3) requiring these EEOC employees to appear for a deposition would impose an undue burden. The EEOC has already produced portions of its investigation files,[2] which the EEOC says comprises some 810 pages of documents. The County, however, contends that the files that have been produced do not reveal the information it says it needs. Having considered the respective arguments of the County and the EEOC, this court quashes the subpoena for Johnson's deposition. The EEOC's request for an order quashing Salazar's deposition subpoena is denied; however, the court will impose limits on her examination.

The deliberative process privilege is a qualified one that "permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." FTC v. Warner Comm., Inc., 742 F.2d 1156, 1161 (9th Cir. 1984). "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." Id. Factors considered in balancing these interests include the relevance of the evidence; the availability of other evidence; the government's role in the litigation; and the extent to which disclosure would hinder frank and independent discussion about contemplated policies and decisions. Id. at 1161.

---

subpoenas in question were served before April 18.

[2] The EEOC withheld from its production information it claims is privileged. That information is not at issue in this DDJR.

1    The parties focus primarily on the decisions of two other district courts in the Ninth Circuit
2    that have addressed the propriety of similar subpoenas, but with different results. The EEOC likes
3    EEOC v. Pinal County, 714 F. Supp.2d 1073 (S.D. Cal. 2010), in which the court quashed the
4    subpoena at issue where the defendant sought "clarification and interpretation" of the EEOC's
5    determination letter---information that the court found "would undoubtedly require revealing
6    information about the EEOC's deliberative process, such as its analysis of the information
7    obtained, its witness credibility evaluations, its evaluation of the evidence, the personal opinions
8    of EEOC representatives, and the decision-making process of the EEOC." Id. at 1078; see also
9    Walker v. NCNB Nat'l Bank of Florida, 810 F. Supp. 11 (D.D.C. 1993) (finding that the requested
10   information re the EEOC's investigation was protected by the deliberative process privilege where
11   the EEOC was not a party to the suit, and defendant failed to show that the benefits of disclosure
12   outweighed the EEOC's interest in nondisclosure). For its part, the County says that Arizona ex
13   rel Goddard v. Frito-Lay, Inc., 273 F.R.D. 545 (D. Ariz. 2011) is much closer on point. There, the
14   court concluded that where the plaintiff reserved the right to introduce the EEOC's reasonable
15   cause determination, without limitation and presumably for the purpose of establishing liability,
16   the adequacy of the agency's determination was a relevant and appropriate matter for discovery.
17   Id. at 552-54.
18   Under the circumstances presented here, this court agrees that if the LOD is to be admitted
19   in evidence, then the County is entitled to discovery from the EEOC about that determination.
20   The Ninth Circuit has noted that where a plaintiff introduces an EEOC probable cause
21   determination, the "defendant, of course, is free to present evidence refuting the findings of the
22   EEOC and may point out deficiencies in the EEOC determination" and "[s]uch evidence would go
23   to the weight to be given by the trier of fact to the EEOC determination." Plummer v. Western
24   Int'l Hotels Co., Inc., 656 F.2d 502, 505 n.9 (9th Cir. 1981). Even so, such discovery should not
25   be permitted to transform the EEOC's determination into a sideshow in the litigation. See Pinal
26   County, 714 F. Supp.2d at 1077 (expressing concern that discovery of the nature and extent of an
27   EEOC investigation "'would deflect the efforts of both the court and the parties from the main
28   purpose of [Title VII] litigation: to determine whether [the defendant] has actually violated Title

VII.'") (quoting EEOC v. Keco Indus., Inc., 748 F.2d 1097, 1100 (6th Cir. 1984)).

Here, any concerns that the requested discovery might derail focus on ultimate issues is tempered by the fact that the information the County says it wants is not nearly as wide-ranging as the discovery sought in either Pinal County or Goddard. As discussed above, the County has identified three items of information it says it needs: (1) which of Leglu's activities were found to be protected activities; (2) which acts by the County were found to be retaliatory; and (3) who performed the alleged retaliatory acts and when. The County's proffered justification is as follows: It is unable to determine from the EEOC's investigative file which of plaintiff's acts were found to be protected activity. If the LOD is admitted, Leglu might assert that any or all of his activities were protected; and, at a minimum, the County believes the jury should be allowed to hear what activities the EEOC actually found to be protected and which were not. (Defendant apparently was willing to accept a declaration from Salazar on these matters in lieu of a deposition, but says it had no choice but to pursue a deposition when the EEOC declined to provide a declaration.) This court agrees that the requested discovery, which appears to pertain to purely factual aspects of the EEOC's findings, is appropriate. Although the first identified item of information is the only one the County says it cannot ascertain from the documents it has, the court will give defendant some leeway as to the latter two requested items of information.

On the record presented, this court does not find that the requested information is protected by the attorney-client privilege, the EEOC having provided no explanation as to how or why that privilege applies.

Still, the County has not convincingly demonstrated a need for Johnson's deposition, Salazar apparently being the one who had the more direct connection with the underlying investigation. Nor is a probing 7-hour examination necessary to obtain the limited factual information the County says it needs. Accordingly, the EEOC's request for an order quashing the subpoena for Johnson's deposition is granted. The EEOC's request for an order quashing the subpoena for Salazar's deposition is denied. However, Salazar's deposition shall be limited to 2 hours and to the identification of (1) which of Leglu's activities were found to be protected activities; (2) which acts by the County were found to be retaliatory; and (3) who performed the

4

1 alleged retaliatory acts and when. Additionally, the deposition shall take place on a day and time
2 convenient to the deponent and all counsel and which will not interfere with whatever dates have
3 been set by the presiding judge. If the parties find that conducting Salazar's deposition beyond the
4 cutoff will require modification of case management deadlines, they shall seek relief from Judge
5 Freeman.

6 **SO ORDERED**.

7 Dated:   May 16, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE


5:13-cv-01376-BLF Notice has been electronically mailed to:

Beth O'Neal Arnese    beth.arnese@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

John Paul Flynn    jflynn@mmwf.com, lperez@mmwf.com, tunizia@mmwf.com

Mark F. Bernal    mark.bernal@cco.sccgov.org, cathy.grijalva@cco.sccgov.org

Michael C. Serverian    michael.serverian@cco.sccgov.org, tam.lobach@cco.sccgov.org

Peter F. Laura    peter.laura@eeoc.gov, jonathan.peck@eeoc.gov, pat.tickler@eeoc.gov, william.tamayo@eeoc.gov